OPINION
{¶ 1} This is an appeal from the judgment of the Domestic Relations Division of the Allen County Common Pleas Court which modified Defendant Appellant, Kelly Basham's, child support obligations.
 {¶ 2} On March 5, 1999, Kelly and Plaintiff-Appellee, Judy Basham were divorced. Consequently, Kelly and Judy entered into a shared parenting plan in regards to their two children. The shared parenting plan set forth that the children would reside primarily with Judy and that Kelly would have regular visitation and would pay Judy child support. On October 16, 2001, Judy filed a motion for an increase in child support. On February 25, 2002, a hearing was held. At the hearing, Kelly testified that he had been self-employed as a contractor beginning in approximately August 2001, but that his business had not made any money as of the time of the hearing, that he earned $5,489 from Washam Plumbing in 2001, that he performed odd jobs each year which equal approximately $4,940 and that he was subcontracting currently for another contractor wherein he earns $12.00 per hour and works forty hours per week. Kelly also testified that he earned approximately $18,000 per year in both 2000 and 1999 and also submitted a copy of his 2001 tax returns.
 {¶ 3} On March 12, 2002, the magistrate issued its decision in which he found that Kelly's annual gross income was $20,800, that Kelly earned other annual income totaling $4,940, and that Kelly's child support obligation would be $286.46 per month per child. Thereafter, Kelly filed a motion to extend time to file objections to the magistrate's decision which was denied. On April 4, 2002, the trial court adopted the magistrate's decision.
 {¶ 4} Kelly now appeals asserting a single assignment of error, "THE COURT COMMITTED ERROR PREJUDICIAL TO DEFENDANT-APPELLANT BY IMPUTING FUTURE INCOME BASED ON 2001 EARNINGS WHEN THE EVIDENCE BEFORE THE COURT WAS THAT THE DEFENDANT WAS NOT FULLY EMPLOYED IN TAX YEAR 2001 BUT WAS FULLY EMPLOYED AS OF TAX YEAR 2002."
 {¶ 5} An appellate court will not reverse a trial court's child support order absent an abuse of discretion. Houts v. Houts (Jan. 5, 1995), Mercer App. No. 10-94-10. An abuse of discretion requires a conclusion that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 6} Chapter 3119 of the Ohio Revised Code governs the calculation of child support. In order to calculate child support obligations, the trial court must utilize a child support worksheet wherein the trial court is required to determine each parties annual gross income. R.C. 3119.02. When determining gross annual income, "[t]he parents' current and past income and personal earnings shall be verified by electronic means or with suitable documents, including but not limited to, paystubs, employer statements, receipts, expense vouchers related to self-generated income, tax returns and all supporting documentation * * *." R.C. 3119.05(A). Moreover, "[f]ailure to obtain the necessary financial information renders the court's order arbitrary and therefore an abuse of discretion." Aiello v. Aiello (Sept. 11, 1996), Seneca App. No. 13-96-12 at *2.[1]
 {¶ 7} In this case, the trial court found Kelly's annual gross income on line 1a of the child support worksheet to be $20,800. It appears from the findings of fact that the trial court imputed annually 40 hours per week at $10.00 per hour to arrive at that figure. However, we have several reservations regarding the amount the trial court determined for Kelly's annual gross income. First, Kelly testified at the hearing that he was currently making $12.00 per hour not $10.00 per hour as a subcontractor which if imputed annually would be $24,960. Second, there is no evidence in the record that Kelly's current position as a subcontractor was anything other than temporary and thus, we are not certain upon what basis the trial court chose to impute these wages to Kelly annually. Third, while Kelly testified that his self-employed business has not made any money, there was no evidence presented which documented the exact finances of the business. Accordingly, the trial court failed to fill in lines 2a through 2d on the child support worksheet regarding Kelly's self-employment. Finally, the only demonstrative evidence in the record that verifies any of Kelly's sources and amounts of income for purposes of complying with R.C. 3119.05 is a single tax form from 2001 which reflects that Kelly earned only $5,498. However, it does not appear that the trial court used this figure in any calculation.
 {¶ 8} As we have insufficient documentation to verify Kelly's income in 2001, the figure used by the trial court on line 1a of the child support worksheet is arbitrary and we are unable to affirm the trial court's decision. See also Sparr v. Sparr (Mar. 19, 1993), Lucas App. No. L-92-182 at *3; Houts, supra.[2] To this extent only, the appellant's assignment of error is sustained and the judgment of the trial court is reversed and remanded for a recalculation of Kelly's gross income and child support obligations.
Judgment reversed and cause remanded.
BRYANT and WALTERS, JJ., concur.
[1] The cases cited in this opinion were decided under former R.C.3113.215. However, the language of regarding the verification of earnings is essentially the same as under the new R.C. 3119.05. As such we find these cases applicable to this issue.
[2] While we recognize that R.C. 3119.03 states that the line on the worksheet which establishes the actual annual obligation line is rebuttably presumed to be correct, the error alleged in this case occurred in filling in the correct gross income not in the calculation of the worksheet.